FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 4 2011

GREGORY C. LANGHAM
    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02010-BNB

SHAWN WILLIAM SCOTT,

    Applicant,

v.

DENVER DOWNTOWN FACILITY,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Shawn William Scott, is an inmate at the Denver County Jail in Denver, Colorado. Mr. Scott has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asking the Court to intervene in his pending state court criminal case. The Court must construe the application liberally because Mr. Scott is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied and the action will be dismissed.

Mr. Scott alleges that he was arrested on May 27, 2011, and charged with aggravated auto theft. He further alleges that a charge of theft by receiving was added after he exercised his right to a preliminary hearing. Mr. Scott also asserts that both the prosecutor and defense counsel have prevented him from accessing the evidence against him and that he has made multiple attempts to fire his public defender because

he has been denied proper counsel. Mr. Scott summarizes his situation as follows:

> I feel these threats and use of coercion are part of [a] vindictive and malicious prosecution by the state as a direct threat via my public defender that if I didn't waive my right to preliminary more charges would follow. I did acknowledge these threats on [the] record in 2100 on 6-21-11, with my public defender needing to be told to object on my behalf by the judge.

(Doc. #1 at 2.) As relief Mr. Scott asks that the charges against him be amended, that a court review the lack of evidence against him, and that he be provided with a copy of the discovery in his criminal case.

The Court finds that Mr. Scott is not entitled to habeas corpus relief in this action because, absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. **See Younger v. Harris**, 401 U.S. 37 (1971); **Phelps v. Hamilton**, 122 F.3d 885, 889 (10th Cir. 1997). To establish extraordinary or special circumstances, a defendant must be facing an irreparable injury that is both great and immediate. **See Younger**, 401 U.S. at 46. Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." **Phelps**, 122 F.3d at 889.

The first condition is met because Mr. Scott alleges that the charges remain pending against him in state court. The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the

considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). With respect to the third condition, it is not clear exactly what steps Mr. Scott may have taken to present his federal claims in state court. However, it is clear that Mr. Scott fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings. The fact that Mr. Scott has not obtained the relief he seeks in state court does not mean that he has not had, or does not have, an adequate opportunity to present his federal claims in the state court proceedings.

Mr. Scott "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). However, the fact that Mr. Scott will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id*. It is Mr. Scott's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id*. at 890.

Mr. Scott fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success. He also fails to demonstrate any improper motivation for the charges. Finally, Mr. Scott's vague and conclusory allegation of a vindictive and malicious prosecution are not sufficient to demonstrate that the criminal case against Mr. Scott has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion. Therefore, the Court finds that *Younger* abstention is appropriate in this action.

In summary, Mr. Scott does not allege facts that indicate he will suffer great and immediate irreparable injury if the Court fails to intervene in the ongoing state court criminal proceedings. If Mr. Scott ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies. Accordingly, it is

ORDERED that the application is denied and the action is dismissed without prejudice. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __24th__ day of __August__, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02010-BNB

Shawn William Scott
Prisoner No. 0484874
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 24, 2011.

                                                  GREGORY C. LANGHAM, CLERK

                                  By: _____
                                                Deputy Clerk